1  Stephen M. Lobbin (SBN 181195)
   sml@smlavvocati.com
2  Joshua N. Osborn (SBN 317435)
   jno@smlavvocati.com
3  **SML AVVOCTI P.C.**
   888 Prospect Street, Suite 200
4  San Diego, California 92037
   Tel: 949.636.1391
5
   Attorneys for Plaintiff
6

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 **Iconic Mars Corporation.**, a       Case No. ___'22CV0092 JO   BLM___
   California corporation,
12
                                        **COMPLAINT FOR**
13            Plaintiff,                **DECLARATORY JUDGMENT OF**
                                        **NON-INFRINGEMENT OF**
14         v.                           **PATENT AND TRADE DRESS,**
                                        **BREACH OF CONTRACT,**
15 **Kaotica Corporation**, a Canadian  **BUSINESS INTERFERENCE,**
   corporation,                         **UNFAIR COMPETITION AND**
16                                       **MISREPRESENTATION**
            Defendant.
17                                       **DEMAND FOR JURY TRIAL**

18

19

20

21        For its Complaint, Plaintiff Iconic Mars Corporation ("IMC") hereby alleges

22 as follows:

23                    **JURISDICTION AND VENUE**

24        1.      This is an action including for non-infringement under the patent laws

25 of the United states, 35 U.S.C. § 101, *et. seq.* and trademark laws of the United

26 States, 15 U.S.C. § 1051, *et. seq.*, for a declaratory judgment, and for related claims.

27 This Court has subject matter jurisdiction including under 28 U.S.C. §§ 1331,

28 1338(a), 1367 and 2201-02.

2.      This Court has personal jurisdiction over Defendant because it has committed its unlawful acts alleged herein in California and in this District.

3.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## RELATED CASE

4.      Pursuant to CivLR 40.1(f)-(g), this action is related to the prior action *Kaotica IP Corp. v. Iconic Mars Corp. et al.*, Case No. 3:21-cv-00433-CAB-DEB (S.D. Cal.), because the actions involve the same parties and (a) are based on similar claims, (b) involve the same patent, and (c) involve substantially the same facts and the same questions of law.

## PARTIES

5.      Plaintiff IMC is a California corporation having its principal place of business in California.

6.      Upon information and belief, Defendant Kaotica Corporation ("Kaotica") is a Canadian Corporation with a place of business at 3917-17th Street SW, Calgary, Alberta, Canada T2T 4P3.

## BACKGROUND FACTS

7.      To resolve the prior action involving a prior version of IMC's product—a foam microphone attachment—the same parties agreed to (and this Court entered) an "Amended Stipulated Judgment and Permanent Injunction" dated October 28, 2021 and over which this Court retained jurisdiction.  Herewith as Exhibit A is a true and correct copy of the Stipulated Judgment.

8.      In the Stipulated Judgment, the parties specifically delineated the Accused Products, and specifically excluded potential new/redesigned products which "are more than colorably different."

9.      As permitted by the Stipulated Judgment, IMC sold its "Old Comet" Accused Product until the end of December 2021 on its own website, using the third-party service Shopify as a back end service provider (which is stated on

COMPLAINT
Case No. _____

Plaintiff's website "iconicmars.com"). Herewith as Exhibit B is a true and correct copy of the "Terms of Service" for the iconicmars.com website, which discloses Shopify specifically, including as follows: "Our store is hosted on Shopify Inc. They provide us with the online e-commerce platform that allows us to sell our products and services to you."

10.     On November 15, 2021, Defendant Kaotica violated the Stipulated Injunction by sending a DMCA cease and desist notice concerning IMC's Old Comet product to both Shopify and Facebook, resulting in a major interruption in IMC's business. Herewith as Exhibit C is a true and correct copy of Kaotica's November 15, 2021 DMCA notice.

11.     Kaotica also sent a cease and desist notice to Facebook, which caused Facebook to delete IMC's advertising page. Herewith as Exhibit D is a true and correct copy of the notification from Facebook.

12.     Starting on January 1, 2022, IMC began selling a new, redesigned version of its product (the "New Comet"). The redesigned New Comet includes an inner chamber surface pattern of varying diameters, further negating any plausible allegation of infringement of Kaotica's utility patent, U.S. Patent No. 8,737,662. The redesigned look of the New Comet also negates any plausible allegation of infringement of Kaotica's design patent, U.S. Patent No. D733,690, or its previously-alleged "Kaotica Trade Dress." Herewith as Exhibit E is a true and correct copy of images of IMC's New Comet product.

13.     Despite obvious non-infringement, on January 4, 2022 Shopify took down IMC's store webpages based on Kaotica's November 15, 2021 DMCA cease and desist notice. Herewith as Exhibit F is a true and correct copy of the notification from Shopify.

14.     The same day, IMC filed a counter notification because (a) none of the images or text on its website infringed any Kaotica copyright, (b) the accused infringing images were independently created photos of the New Comet product,

COMPLAINT
Case No. _____

and (c) none of the text at issue in the previous lawsuit was reproduced on IMC's website.

15.     On January 6, 2022, Shopify sent an email to IMC which stated: "This email is to inform you that pursuant to section 512(g)(2)(c) of the US Copyright Act, we have received notice from the Complainant, Tim Billick, that they have filed an action seeking a court order to restrain you from engaging in infringing activity relating to the content on your Shopify store, Iconic Mars." Herewith as Exhibit G is a true and correct copy of Shopify's January 6, 2022 email.

16.     But there was no such action pending, which Kaotica knew just like it knew none of IMC's images or text infringed any Kaotica copyright. Herewith as Exhibit H is a true and correct copy of PACER case searches made on January 13, 2022.

17.     Soon thereafter, Kaotica sent Shopify and eBay further notices alleging infringement of patents and trade dress by IMC's New Comet product, allegations which are implausible and therefore baseless. Herewith as Exhibit I is a true and correct copy of Kaotica's further notice to Shopify. Herewith as Exhibit J is a true and correct copy of emails received from eBay.

18.     Tellingly, however, Kaotica's counsel did not even attempt to order a sample of the New Comet product until January 12, 2022 (which order was not received until January 17, 2022). The order was placed after Kaotica alleged infringement; as such, Kaotica failed to complete any reasonable due diligence before interfering with IMC's business. Herewith as Exhibit K is a true and correct copy of a confirmation of Kaotica's January 12, 2022 order.

19.     Kaotica also filed similar infringement allegations with Instagram and Facebook, resulting in the permanent "take down" of IMC's Instagram page. Because IMC primarily uses Instagram and Facebook to drive customers to its online store, IMC's entire business has been eviscerated by Kaotica's baseless

COMPLAINT
Case No. _____

allegations of infringement.  Herewith as Exhibit L is a true and correct copy of communications to and from Instagram and Facebook.

20.     Kaotica's actions have irreversibly damaged my business and irreversibly damaged my ability to attract customers and to sell to those customers. Kaotica's actions have also affected IMC's ability to sell apparel and accessories which have no relation to the New Comet product sold by IMC.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement of U.S. Patent 8,737,662)

21.     Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

22.     Defendant has represented to third parties, including eBay, that Plaintiff's New Comet product infringes Kaotica's U.S. Patent No. 8,737,662 ("the '662 patent").  Herewith as Exhibit M is a true and correct copy of the '662 patent, including relevant portions of the file history.

23.     The claims of the '662 patent require "a cylindrical-shaped cavity with a substantially uniform diameter along a longitudinal axis of the second cavity," which is a claim limitation added to overcome a Patent Office rejection based on prior art.  As such, the doctrine of equivalents is unavailable.

24.     Plaintiff's New Comet product is designed with a cavity having an obviously irregular-patterned inner surface creating an obviously varying cavity diameter.  Therefore, because the New Comet clearly has no semblance of a "substantially uniform diameter," it cannot infringe the '662 patent.

25.     Had Defendant or its counsel inspected the New Comet product, no allegation of infringement of the '662 patent would have been communicated to third parties such as eBay.

26.     By virtue of Defendant's allegations of infringement, an actual case and controversy within the meaning of the Declaratory Judgments Act between the parties concerning the noninfringement of the '662 patent.

COMPLAINT
Case No. _____

27.    A judicial declaration of noninfringement is necessary and appropriate to resolve this controversy.

28.    Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Defendant's baseless infringement allegations.  Such irreparable injury cannot be remedied adequately unless Defendant is enjoined immediately from making further baseless allegations, and commanded to rectify Plaintiff's status quo ante, including with eBay.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of U.S. Patent D733,690)**

29.    Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

30.    Defendant has represented to third parties, including eBay, that Plaintiff's New Comet product infringes Kaotica's U.S. Patent No. D733,690 ("the '690 patent").  Herewith as Exhibit N is a true and correct copy of the '690 patent.

31.    The '690 design patent discloses, shows and claims a clearly spherical microphone cover with a large cylindrical-shaped cavity having a uniform inner diameter.

32.    When viewed in light of the prior art, which includes basic spherical shapes such as those of the Sennheiser MZW-421 Foam Windscreen for MD421 Microphone ("MZW") which has been sold on Amazon since September 6, 2007, it is clear that the New Comet product and the design claimed in the '690 patent are not similar enough to justify any allegation of infringement.  First, rather than being spherical, the New Comet design is obviously irregular in shape and contour, showing distinctive angles and flat surfaces.  Second, rather than a smooth cylindrical-shaped cavity, the New Comet design shows an obviously irregular-patterned inner surface creating an obviously varying cavity diameter.  Therefore, the New Comet cannot infringe the '690 design patent.

COMPLAINT
Case No. _____

33.     Had Defendant or its counsel inspected the New Comet product, no allegation of infringement of the '690 patent would have been communicated to third parties such as eBay.

34.     By virtue of Defendant's allegations of infringement, an actual case and controversy within the meaning of the Declaratory Judgments Act between the parties concerning the noninfringement of the '690 patent.

35.     A judicial declaration of noninfringement is necessary and appropriate to resolve this controversy.

36.     Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Defendant's baseless infringement allegations.  Such irreparable injury cannot be remedied adequately unless Defendant is enjoined immediately from making further baseless allegations, and commanded to rectify Plaintiff's status quo ante, including with eBay.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of Alleged Kaotica Trade Dress)**

37.     Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

38.     Defendant has represented to third parties, including Instagram and Facebook, that Plaintiff's New Comet product infringes Defendant's asserted trade dress rights in and to its "Kaotica Eyeball" product.  The Kaotica Eyeball is a spherical, foam microphone cover with a large cylindrical shaped cavity with a uniform diameter.

39.     On information and belief, there is no evidence substantiating that the design of the Kaotica Eyeball product is non-functional or has acquired distinctiveness via secondary meaning.

40.     Even if the Kaotica Eyeball could embody a valid trade dress, Plaintiff's New Comet product and the Kaotica Eyeball design could not be confusingly similar.  First, rather than being spherical, the New Comet design is

COMPLAINT
Case No. _____

obviously irregular in shape and contour, showing distinctive angles and flat surfaces.  Second, rather than a smooth cylindrical-shaped cavity, the New Comet design shows an obviously irregular-patterned inner surface creating an obviously varying cavity diameter.

41.     Had Defendant or its counsel inspected the New Comet product, no allegation of trade dress infringement would have been communicated to third parties such as Instagram and Facebook.

42.     By virtue of Defendant's allegations of infringement, an actual case and controversy within the meaning of the Declaratory Judgments Act between the parties concerning noninfringement alleged trade dress.

43.     A judicial declaration of noninfringement is necessary and appropriate to resolve this controversy.

44.     Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Defendant's baseless infringement allegations.  Such irreparable injury cannot be remedied adequately unless Defendant is enjoined immediately from making further baseless allegations, and commanded to rectify Plaintiff's status quo ante, including with Instagram and Facebook.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

45.     Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

46.     Plaintiff and Defendant entered into a valid contract via the Stipulated Judgment.

47.     Plaintiff has fully performed its part of the contract.

48.     Defendant, in violation of Paragraph 12 of the Stipulated Judgment, interfered with Plaintiff's right to "sell the Accused Products on Iconic Mars' website" until January 1, 2022.

COMPLAINT
Case No. _____

49.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered significant financial losses, including lost sales and harm to its reputation and brand.

29.     Plaintiff requests entry of a judgment against Defendant including monetary damages, in addition to any other or alternative relief deemed appropriate, along with an award of interest, attorney fees and costs to the fullest extent allowed by law.

## FIFTH CLAIM FOR RELIEF

### (Intentional Interference With Prospective Economic Advantage)

50.     Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

51.     Defendant knew of Plaintiff's economic relationships with its customers that probably would have resulted in an economic benefit to Plaintiff.

52.     Defendant engaged in wrongful conduct, including stating misrepresentations (a) to Shopify that an action under 17 U.S.C § 512(g)(2)(c) was pending on January 6, 2022, in order to keep IMC's store web page disabled, and (b) to eBay, Instagram and Facebook that the New Comet product infringed patents and trade dress rights.

53.     In making these misrepresentations, Defendant intended to disrupt Plaintiff's economic relationships with its customers and prospective customers, and with Shopify, eBay, Facebook and Instagram.

54.     As a result, Plaintiff was and is unable to sell its products, and was and is unable to advertise to customers, resulting in a complete loss of sales.

55.     Plaintiff's economic relationships with its customers have been disrupted completely, causing catastrophic economic harm to Plaintiff.

56.     Defendant's misconduct conduct was a substantial factor in causing the economic harm to Plaintiff.

COMPLAINT
Case No. _____

57.     Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Defendant's interference. Such irreparable injury cannot be remedied adequately unless Defendant is enjoined immediately from further unlawful business interference, and commanded to rectify Plaintiff's status quo ante, including with Shopify, eBay, Instagram and Facebook.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition)

58.     Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

59.     By its acts alleged herein, Defendant has knowingly engaged in unfair acts or practices and unfair methods of competition, including but not limited to making misrepresentations about Plaintiff and its products, and otherwise engaging in deceptive trade practices and unlawful, unfair or fraudulent business acts or practices, in violation of Cal. Bus. & Prof. Code § 17200.

60.     These acts include stating misrepresentations (a) to Shopify that an action under 17 U.S.C § 512(g)(2)(c) was pending on January 6, 2022, in order to keep IMC's store web page disabled, and (b) to eBay, Instagram and Facebook that the New Comet product infringed patents and trade dress rights.

61.     Defendant's unfair competition has resulted in and continues to result in unjust enrichment, and Defendant has committed its acts of unfair competition willfully and maliciously to injure Plaintiff's business and improve its own.

62.     Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Defendant's unfair competition.  Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further unfair competition, and commanded to rectify Plaintiff's status quo ante, including with Shopify, eBay, Instagram and Facebook.

COMPLAINT
Case No. _____

## SEVENTH CLAIM FOR RELIEF

### (Misrepresentation under 17 U.S.C § 512(f))

63.     Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

64.     By its acts alleged herein, Defendant has knowingly and materially misrepresented that (a) Plaintiff's Shopify webpages infringe Defendant's copyrights, and (b) Defendant filed a court action under § 512(g)(2)(c) on January 6, 2022.

65.     Defendant knew or should have known that none of the images or text on Plaintiff's webpage at www.iconicmars.com infringe any copyright of Defendant, and that there was no court action pending on January 6, 2022.

66.     As a result of relying on Defendant's misrepresentations, Shopify removed Plaintiff's webpages, which damaged Plaintiff and resulted in lost sales.

67.     Plaintiff also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Defendant's misrepresentations.  Such irreparable injury cannot be remedied adequately unless each Defendant is enjoined immediately from further misrepresentations, and commanded to rectify Plaintiff's status quo ante with Shopify.

### PRAYER FOR RELIEF

Therefore, Plaintiff prays for the following relief:

A.     A determination that Plaintiff has not infringed U.S. Patent 8,737,662;

B.     A determination that Plaintiff has not infringed U.S. Patent D733,690;

C.     A determination that Plaintiff has not infringed any valid trade dress rights of Defendant;

D.     A determination that Defendant has intentionally interfered with Plaintiff's prospective economic advantage;

E.     A determination that Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200;

COMPLAINT
Case No. _____

1    F.     A determination that Defendant has misrepresented that Plaintiff's

2    webpages infringed its copyrights under 17 U.S.C § 512(f);

3    G.     An accounting for damages adequate to compensate for Defendant's

4    unlawful actions, intentional interference and/or unfair competition, including

5    Plaintiff's actual damages including lost profits, treble damages, pre-judgment and

6    post-judgment interest, and costs;

7    H.     A determination that this is an exceptional case, and an award of costs,

8    expenses and attorney fees to Plaintiff;

9    I.     Pre-judgment and post-judgment interest on such monetary relief; and

10    J.     Such other and further relief as this Court deems just and proper.

11

12                                    Respectfully submitted,

13    Dated:  January 23, 2022         **SML AVVOCATI P.C.**

14                                    By:   /s/ Stephen M. Lobbin
                                             Attorneys for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-