Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Joshua N. Osborn (SBN 317435)
jno@smlavvocati.com
Adrian R. Lyons (SBN 346075)
arl@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
La Jolla, California 92037
Tel: 949.636.1391

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Iconic Mars Corporation.**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**Kaotica Corporation**, a Canadian corporation,<br><br>Defendant. | Case No. 3:22-cv-00092-CAB-DEB<br><br>**PLAINTIFF'S NOTICE AND RULE 52(b) MOTION FOR FINDINGS AND CONCLUSIONS**<br><br>Date:  September 18, 2024<br>Ctrm:  15A<br><br>Honorable Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

PLEASE TAKE NOTICE that pursuant Rule 52(b) and this Court's Civil Case Procedures, Plaintiff Iconic Mars Corporation ("Iconic") respectfully moves for equitable findings and conclusions (a) under 15 U.S.C. § 1117(a) on the issue of the amount of disgorgement of profits to be awarded to Defendant Kaotica Corporation ("Kaotica"), and (b) on Iconic's claim for unfair competition.  This Motion is based upon this Notice and the Memorandum herein, the pleadings and other papers on file in this action, and such further evidence or argument as may be presented at or before the hearing of this Motion, if any.

**Memorandum**

As Rule 52(a)(1) requires, "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.  The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court."  As Rule 52(b) allows, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."[1]

In this action, the jury made a disgorgement finding that "the amount of Iconic's profits that should be awarded to Kaotica [is] $411,758."  ECF No. 113 at 2.  Because disgorgement of profits under 15 U.S.C. § 1117(a) is an equitable issue for the Court not the jury, however, the Pretrial Order correctly mandated that "equitable issues [] shall ultimately be determined by the Court."  *See* ECF No. 96 at 13; *see also id.* (Kaotica admitting, "The Court, not the jury, should resolve Iconic's unfair competition claim under § 17200."); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) ("A claim for disgorgement of profits under § 1117(a) is equitable, not legal.").

As the district court summarized in *Yuga Labs. v. Ripps*, No. 22-4355, at *13 (C.D. Cal. Oct. 26, 2023):

> An accounting of profits is never automatic and never a matter of right. *See* 5 *McCarthy on Trademarks and Unfair Competition* § 30:59 (5th ed.).  Instead, disgorgement is "subject to the principles of equity."  15 U.S.C. § 1117.  Specifically, those equitable considerations include: (1) "a defendant's mental state," such as "whether the [defendant] had the

---

[1] Fed. R. App. P. 4(a)(4)(A) ("Effect of a Motion on a Notice of Appeal") provides that the effect of a motion under Rules 52(b) or 59 is that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."

intent to confuse or deceive; (2) whether sales have been diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting [the plaintiff's] rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of palming off." *Harbor Breeze Corporation v. Newport Landing Sportsfishing, Inc.*, 2023 WL 2652855, *4 (C.D. Cal. Mar. 13, 2023). Thus, courts have discretion to fashion relief based on the totality of the circumstances . . . .

*Yuga Labs.* at *13; *see W. Diversified Servs., Inc. v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1274 (10th Cir. 2005) ("[A]n award of profits under the Lanham Act is truly an extraordinary remedy and should be tightly cabined by principles of equity."); *see also* Restatement (Third) of Unfair Competition § 37 cmt. e (Am. L. Inst. Oct. 2022 Update) ("The better view limits an accounting of profits to acts intended to create confusion or to deceive prospective purchasers."); *id.* ("[A]pplication of the accounting remedy to uses undertaken in good faith can chill lawful behavior.").

After the jury verdict in this action, which the parties agreed would be advisory only, the Court entered a final judgment based only on the jury's advisory verdict, without making any findings concerning equitable considerations before awarding a disgorgement of profits remedy:

> **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.
>
> IT IS HEREBY ORDERED AND ADJUDGED:
>
> Verdict is entered in favor of Kaotica Corporation.

ECF No. 116 (emphasis in original). Therefore, Iconic's motion requests that the Court make findings on the equitable issues, including the considerations concerning an appropriate amount of any disgorgement of profits.

Case No. 3:22-cv-00092-CAB-DEB

**Equitable Considerations Favor A Smaller Amount Of Disgorgement**

The first equitable consideration related to the amount of any disgorgement of profits under 15 U.S.C. § 1117(a) is Iconic's mental state and whether it "had the intent to confuse or deceive." *See supra*. A closely-related consideration is any evidence of "palming off," which is causing consumers to believe Iconic's product was really Kaotica's. *See Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129-30 (9th Cir. 1998) ("Would a consumer who finds a running shoe marked Mike be bamboozled into thinking that it was manufactured by Nike?"). Here, the evidence at trial supports a conclusion that Iconic sought to promote its own distinctive product, at its own price point, to its own customers; in other words, no "palming off" occurred or was ever contemplated.

Concerning the factor of "whether sales have been diverted," there was no evidence at trial supporting any diversion of sales. In fact, Kaotica did not request any remedy of actual damages, only a disgorgement of Iconic's profits connected to its sales of its Version 2 product. Concerning "the adequacy of other remedies," here this consideration should focus on the excessiveness of the jury's advisory finding that Iconic earned profits of $411,758. Because the jury seemingly accepted Kaotica's argument that Iconic's lower profit number was not sufficiently demonstrated, this number is many times Iconic's real profits, based on its typical profit margin, units sold, and sales revenue. This Court has equitable discretion to find a more realistic number representing Iconic's real-world profits. Finding a more realistic profits number also honors the consideration of "the public interest in making the misconduct unprofitable," because an excessive disgorgement award equates to a penalty, not compensation. See 15 U.S.C. § 1117(a) ("Such sum [of disgorgement] . . . shall constitute compensation and not a penalty.").

**Iconic Presented An Equitable Claim Under Cal. Bus. & Prof. Code ¶ 17200**

As summarized in the Pretrial Order:

Kaotica's unfair competition has resulted in and continues to result in unjust enrichment . . . .  IMC also has suffered and continues to suffer irreparable injury, including damage to customer relationships because of Kaotica's unfair competition.  Such irreparable injury cannot be remedied adequately unless each Kaotica is enjoined immediately from further unfair competition, and commanded to rectify IMC's status quo ante, including with Shopify, eBay, Instagram and Facebook.

ECF No. 96 at 5.  At trial, Iconic presented documents and testimony which could support findings and a conclusion of unfair competition.  Although the Court indicated generally that it did not find the unfair competition allegations compelling, there have been no findings or conclusions to that effect under Rule 52(a)(1).  *See id.* (court "must find the facts specially and state its conclusions of law separately").

### Conclusion

For each of the foregoing reasons, pursuant to Rule 52(b), Iconic respectfully requests that this Court should make equitable findings and conclusions (a) under 15 U.S.C. § 1117(a) on the issue of the amount of disgorgement of profits to be awarded to Kaotica, and (b) on Iconic's claim for unfair competition.

Respectfully submitted,

Dated:  August 14, 2024          **SML Avvocati P.C.**

By:   /s/ Stephen M. Lobbin
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin