UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICONIC MARS CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KAOTICA CORPORATION,<br><br>　　　　　　　　　Defendant. | Case No.: 22-cv-0092-CAB-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL**<br><br>**[DKT. NO. 169]** |

Before the Court is Defendant Kaotica Corporation's ("Kaotica") unopposed Motion for Leave to File Documents Under Seal ("Motion to Seal"). Dkt. No. 169. Kaotica requests the Court seal its Motion to Compel Financial Discovery and accompanying exhibits because the "Motion [to Compel] contains information designated by Plaintiff Iconic Mars Corporation and sanctioned party, Mr. Stephen Lobbin, as 'CONFIDENTIAL – FOR COUNSEL ONLY' under the Protective Order in this case." *Id.* at 2. For the reasons discussed below, the Court **GRANTS IN PART and DENIES IN PART** the Motion to Seal.

I.  **LEGAL STANDARD**

There is a "strong presumption" in favor of maintaining public access to court records. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th

Cir. 2003)). The party seeking to seal judicial records attached to a motion "more than tangentially related to the underlying cause of action" must establish compelling reasons to overcome this strong presumption. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (citations omitted). For "sealed materials attached to a discovery motion unrelated to the merits of a case," the movant needs to only establish good cause. *Id.* at 1097 (citation omitted). Under the "good cause" standard, the Court may seal materials "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *In re Amazon Return Pol'y Litig.*, No. C23-1372-JNW, 2025 WL 1043637, at *1 (W.D. Wash. Apr. 8, 2025) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Under either standard, however, the request to seal "must be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *In re J&J Inv.*, No. 2:22-cv-0529-GMN-NJK, 2025 WL 783260, at *2 (D. Nev. Mar. 11, 2025) (citations omitted).

## II.  DISCUSSION

Kaotica seeks to seal the entirety of its motion to compel, including the unredacted versions of: (1) Notice of Motion to Compel Financial Discovery (Dkt. No. 170); (2) Motion to Compel Financial Discovery (Dkt. No. 170-1); (3) Declaration of Kathleen R. Geyer in Support of Kaotica's Motion to Compel Financial Discovery (Dkt. No. 170-2); (4) Objections and Responses to Defendant's Requests for Limited Discovery (Dkt. No. 170-3); (5) Iconic Mars Corporation's ("Iconic") US Bank account statement (Dkt. No. 170-4);      (6) Transcript of Jury Trial – Day 1 (Dkt. No. 170-5); and (7) A Public Record Search of Mr. Lobbin's Possible Real Estate Holdings (Dkt. No. 170-6). Dkt. No. 169.

Kaotica does not address whether compelling reasons or good cause exists to grant its motion. Dkt. No. 169. Rather, it relies only on the parties' agreement to be bound by a protective order. *Id.* at 2. A protective order is, however, insufficient to support sealing. This is because "protective orders are overinclusive . . . because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. Therefore, whether a document designated as confidential pursuant to a protective order should be sealed must usually be determined *de novo*." *In re Packaged*

*Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS-MDD, 2021 WL 22576, at *1 (S.D. Cal. Jan. 4, 2021) (citations omitted).

The good cause standard applies to the underlying discovery motion Kaotica seeks to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101 (The "good cause" standard applies where a party seeks to seal judicial records filed in connection with a non-dispositive motion that is not "more than tangentially related to the merits of a case."). The Court finds good cause to seal certain sensitive financial information, specifically Iconic's US Bank account statement (Dkt. No. 170-4) and the list of Mr. Lobbin's possible real estate holdings (Dkt. No. 170-6). *NML Cap., Ltd. v. Republic of Argentina*, No. 2:14-cv-492-RFB-VCF, 2015 WL 3489684, at *2 (D. Nev. June 3, 2015) (finding good cause to seal "bank records that contain sensitive financial information, including bank account numbers").[1]

The Court does not, however, find good cause to seal the motion and accompanying declaration and exhibits in their entirety. *In re J&J Inv.*, 2025 WL 783260, at *2 ("To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.") (citation omitted). The sealing order is not narrowly tailored. For example, Kaotica seeks to seal information relating to legal arguments and counsel's meet and confer efforts. Additionally, some of what Kaotica seeks to seal are publicly available through the docket, including the jury trial transcript.

//
//
//
//
//

---

[1] Although no motion to seal accompanied Iconic's and Mr. Lobbin's opposition to Kaotica's Motion to Compel, the Court finds good cause to *sua sponte* seal the bank and brokerage records attached as Exhibit A to the opposition (Dkt. No. 172-1).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Kaotica's Motion for Leave to File Documents Under Seal (Dkt. No. 169) and **ORDERS** as follows:

1. Kaotica must file a redacted version of the motion to compel and accompanying declaration and exhibits on the public docket within seven days of entry of this Order.

2. The redactions must be limited to Iconic Mars Corporation's US Bank records at Dkt. No. 170-4 and the list of Mr. Lobbin's possible real estate holdings at Dkt. No. 170-6.

3. The Clerk of Court is directed to maintain the documents at Dkt. No. 170 under seal.

4. The Clerk of Court is directed to seal Mr. Lobbin's financial records attached as Exhibit A to the opposition to the motion to compel at Dkt. No. 172-1.

**IT IS SO ORDERED.**

Dated: May 2, 2025

_____
Honorable Daniel E. Butcher
United States Magistrate Judge