UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICONIC MARS CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KAOTICA CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-cv-00092-CAB-DEB<br><br>**ORDER AMENDING JUDGMENT**<br><br>[ECF No. 152] |

　　　On February 5, 2025, the Court entered judgment for Kaotica Corporation against Iconic Mars Corporation for $706,243 in compensatory damages and for attorney fees and expenses, to be determined, against Iconic and Stephen Lobbin, Iconic's lead counsel. [Doc. Nos. 145, 146.] On March 5, 2025, Kaotica filed a motion to add Oluseyi James Olaleye, the only officer and employee of Iconic, as a judgment debtor to both the compensatory damage and attorney fee awards. [Doc. No. 152.] Iconic filed an opposition. [Doc. No. 171.] Kaotica filed a reply. [Doc. No. 178.] The Court held argument on May 16, 2025. [Doc. Nos. 180, 187.]

　　　Kaotica moves pursuant to Fed. R. Civ. P. 69(a) and Cal. Civ. Proc. Code § 187, to amend the judgment to add Mr. Olaleye as a judgment debtor. *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999) (Rule 69(a) empowers federal courts to rely on state law to

add judgment-debtors). *Innovative Ventures LLC v. N2G Distrib., Inc.*, 2014 WL 10384631, *3 (C.D. Cal. Feb. 18, 2014) (Cal. Civ. Proc. Code § 187 authorizes the trial court to amend a judgment to add additional judgment debtors.)

The judgment may be amended to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor. *Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship*, 222 Cal. App. 4th 811, 815 (2013). Courts may be flexible about the alter ego requirement if strict adherence to alter ego requirements would produce an inequitable result. *Levander*, 180 F.3d at 1122 (formal requirements for alter ego liability need not be met if it fits within the theory underlying amendment of a judgment based on alter ego liability). Such an amendment is an equitable procedure based on the theory that the Court is not amending to add a new defendant but is inserting the correct name of the real defendant to avoid an inequitable result. *Relentless Air Racing,* 222 Cal. App. 4th at 815. The decision to amend lies within the sound discretion of the trial court. *See id*. at 815–16. "The greatest liberality is to be encouraged in the allowance of such amendments in order to see [that] justice is done." *Levander*, 180 F.3d at 1122 (*quoting Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 20-21 (1994)).

Iconic's primary response to Kaotica's motion is that it is untimely under Fed. R. Civ. P. 59(e). Rule 69(a), however, allows judgment-creditors to use state law to collect on their debts. And because California law allows amendment of a judgment to add a judgment-debtor, the motion is not time-barred. *Levander*, 180 F.3d at 1121; *Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421–22 (9th Cir. 1998).

To add a judgment debtor, Kaotica must show that (1) the party to be added as a judgment debtor had control over the underlying litigation and was virtually represented in that proceeding,[1] (2) there is such a unity of interest and ownership that the separate personalities of the entity and the owners no longer exist, and (3) an inequitable result will

---

[1] The new party's control of the litigation satisfies due process concerns. *See In re Levander*, 180 F.3d at 1121 (citing California law).

2

22-cv-00092-CAB-DEB

follow if the acts are treated as those of the entity alone. *See Relentess Air Racing,* 222 Cal. App. 4th at 815–16; *see Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SACV 12-717 ABC (EX), 2014 WL 10384631, at *4 (C.D. Cal. Feb. 18, 2014).

Iconic admits that Mr. Olaleye is the sole owner and operator of Iconic. [Doc. No. 187, Hrg. Transcript, at 9, 11] ("It is a single-person company;" "He is the sole member of the company.") He personally entered the consent judgment and injunction in the 2021 litigation on behalf of Iconic. It was undisputed that Mr. Olaleye made the design decisions and business decision that resulted in the finding of willful trade dress infringement and breach of contract in the instant litigation. He was Iconic's principal witness and initiated the instant litigation. There is no question that he had control over, and his interests were represented, in the litigation.

Following the entry of judgment, the record evidence makes clear that Mr. Olaleye promptly dissolved Iconic and moved its assets to his personal accounts. He then opened a new business, Audio Icon, transferring Iconic's funds into Audio Icon, and consolidating his product lines into the new entity while continuing to use the Iconic Mars brand name online to drive traffic to his new entity. [*See generally* Doc. Nos. 152-3–152-12, 152-16–152-19.] Although counsel represented that Mr. Olaleye consolidated his business lines under a new name for business reasons, Mr. Olaleye also publicly posted that having shut down Iconic Mars, he would not be paying money to Konrad Zukowski (founder of Kaotica). [Doc. No. 178-2.]

The Court finds that there is such a unity of interest and ownership in Iconic Mars and Mr. Olaleye (now operating as Audio Icon) that he cannot avoid liability for the judgment in this case by closing the defendant entity and simply reopening his business lines under a new name. It would be an entirely inequitable result to defeat any recovery of Kaotica's judgment by allowing him to avoid the judgment in this manner.

///

///

///

Kaotica's motion to amend the judgment and include Oluseyi James Olaleye as a judgment debtor for both the compensatory damages and attorney fees and expenses is **GRANTED**.

It is **SO ORDERED**.

Dated: May 29, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge