

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10
11   ICONIC MARS CORP.,                Case No.: 3:22-cv-0092-CAB-DEB
12                          Plaintiff,
                                        **ORDER DENYING MOTION FOR**
13   v.                                 **RECUSAL**
14   KAOTICA CORP.,
                                        [Doc. No. 203]
15                          Defendant.
16

17        Before the Court is Plaintiff Iconic Mars Corporation's motion requesting the

18   undersigned recuse from any further proceedings in this action, pursuant to 28 U.S.C. §§

19   144 and 445.    [Doc. No. 203.]    Plaintiff asserts that the Court has evidenced an

20   "appearance" of bias against Plaintiff and Plaintiff's counsel.  Defendant Kaotica filed an

21   opposition [Doc. No. 225.]  Plaintiff filed a reply.  [Doc. No. 226.]

22        The standard for recusal under 28 U.S.C. §§ 144 and 445 is "whether a reasonable

23   person with knowledge of all the facts would conclude that the judge's impartiality might

24   reasonably be questioned."  *U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986).  "[T]he

25   challenged judge [herself] should rule on the legal sufficiency of a recusal motion in the

26   first instance."  *Id.* at 940.  "The reasonable person is not someone who is hypersensitive

27   or unduly suspicious, but rather is a well-informed, thoughtful observer."  *United States v.*

28   *Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018) (quoting *United States v. Holland*, 519 F.3d

                                        1

909, 913 (9th Cir. 2008)).  A motion for recusal is committed to the sound discretion of the district court and the moving party bears a substantial burden to show that the judge is not impartial.  *See, e.g.*, *U.S. v. Bell*, 79 F.Supp. 2d, 1169, 1171 (E.D. Cal 1999).

A motion under Section 144 must be made timely, i.e., the motion should be made at the earliest possible moment after obtaining facts demonstrating a basis for recusal.  "The Ninth Circuit has warned that a recusal motion made after the entry of judgment is presumptively untimely."  *Id.* at 1172.  This case was tried to a jury and a verdict entered on June 13, 2024.  [Doc. No 113.]  Remaining equitable claims and other post-trial proceedings were resolved in an order issued by the Court on February 5, 2025.  [Doc. No. 145.]  Plaintiff's motion for recusal was filed on June 2, 2025.

To the extent Plaintiff contends evidence of bias from the Court's performance while presiding over the trial or from the Court's post-trial hearing on January 16, 2025, when addressing the equitable claims and fee requests, it is presumptively untimely.  *Studley*, 783 F.2d at 939 (a motion for recusal filed weeks after the conclusion of trial is presumptively untimely absent a showing of good cause for its tardiness.)  Moreover, Plaintiff brought this motion only after considerable delay and significant adverse rulings against him, including the adverse final judgment entered in this case.  *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (holding that recusal motion brought with a lengthy delay after facts underlying motion are known and especially after an adverse ruling is untimely).  It is too late to complain about the restrictions placed on Plaintiff during rebuttal in closing arguments, restrictions that were based on the Court's ruling that there was no credible, good-faith basis for arguing that the stipulated judgment agreed to by Plaintiff's counsel was somehow manipulated by Kaotica.[1]

---

[1] To that point, the Court was free to express its reasonable disbelief of Plaintiff's arguments and representations from the record.  *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).

2

Even assuming the motion was timely, under either Section 144 or 445(b)(1) it is without merit. *See Bell*, 79 F. Supp. 2d at 1173 (both sections are considered together). A district judge shall "disqualify [herself] in any proceeding in which [her] impartiality might reasonably questioned" or where she has a personal bias or prejudice concerning a party. 28 U.S.C. §§ 455(a), 455(b)(1). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

"Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). A judge's prior adverse ruling is not sufficient cause for recusal. *Studley*, 783 F.2d at 939.

This Court found it appropriate to sanction Plaintiff and Plaintiff's counsel personally for bad faith conduct of this litigation. [Doc. No. 145.] That decision was based on the manner in which this case was litigated, and positions asserted by counsel before and during trial that were meritless, intentionally misleading and contrary to Court orders. [*See e.g.*, Hrg. Transcript Doc. No. 144 at 22–24.] Despite Plaintiff's repeated attempts to recharacterize and repackage the history of this litigation, the sanctions issued by this Court were justified and based on the conduct of the party and counsel and not based on any personal bias against them.

Plaintiff contends the Court demonstrated bias by seeking extrajudicial communications with judicial colleagues about Plaintiff's counsel's reputation and for remarking at a post-trial hearing on the deficiency of his performance, suggesting it could be grounds for a malpractice claim.

Plaintiff simply distorts the facts. After the trial, Defendant moved for sanctions against counsel as well as Plaintiff. In response to that motion, Plaintiff's counsel explicitly lobbied the Court—more than once—to inquire among the members of this district's bench

3:22-cv-0092-CAB-DEB

about his reputation in his personal attempts to avoid sanctions. [Doc. No. 128 at 2, fn. 2; Doc. No. 144 at 32–33.] Plaintiff's counsel made the following representation to the Court, supported by his own declaration:

> **Finally, this Court is invited to confer** with District Judge Robert S. Huie about the advocacy and professionalism of the law firm and Mr. Lobbin, as Judge Huie presided over the firm's next most recent jury trial in this District, in October 2023.

[Doc. No. 128 at 2 fn. 2] (emphasis added). At the hearing relating to sanctions, Plaintiff's counsel made a similar request:

> ATTORNEY LOBBIN: If I may, Your Honor, one more comment. As Your Honor's considering its final order, because this sanctions issue deals with subjective bad faith, it really goes to, you know, me as a person. **And I would invite, and I request, that the Court consult with some of your colleagues–**

[Doc. No. 144 at 32–33] (emphasis added).

The issue however, as the Court tried to explain, was solely counsel's conduct in the case before this Court—which was found sanctionable—not whether other judges within the district would have vouched for him. Having urged the Court to make "extrajudicial" inquiries regarding his reputation among the judges of the district, he cannot now complain about the Court's remark.

At a hearing regarding a separate, related case, 3:21-cv-433-CAB, Plaintiff's counsel repeatedly stated that he failed in his duty to competently represent his client regarding the filing made two and a half years earlier of a critical document to a stipulated judgment. He sought relief from his failure asserting a clerical error was made by the court in the filing pursuant to Rule 60(a). [Doc. No. 66.] Alternatively, he alleged manipulation of the document by opposing counsel, while acknowledging he did not review the critical exhibit before executing and filing the stipulated judgment.

Plaintiff's counsel sought untimely relief from a stipulated judgment that he himself agreed to, years later, and without any actual basis in law to justify such extraordinary and unusual relief. [*See* Doc. No. 69.] If in fact there was an error in the exhibit attached to

the consent judgment, the fault lay with counsel and his blatantly deficient performance, which was the context of the Court's reference to malpractice at the post-trial hearing. [*See* 3:21-cv-433-CAB, Doc. No. 69; 3:22-cv-92-CAB, Hrg. Transcript. Doc. No. 225-4 at 16–17.]; *See Charron v. United States*, 200 F.3d 785, 789 (Fed. Cir. 1999) (accusing counsel of malpractice merely reflected the judge's evaluation and criticism of counsel's handling of the case derived from the conduct of the litigation and did not establish personal bias or prejudice or the appearance of partiality). The remark does not establish bias or require recusal.

Plaintiff also requests that this Court refer the recusal motion to another judge pursuant to 28 U.S.C. § 144. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.*

The request is based on the same assertions seeking recusal under Section 445. It is both untimely and made on similarly insufficient grounds. It is well-settled that an adverse ruling is not an adequate basis to show recusal. *See Liteky*, 510 U.S. at 549.[2] There is no indication (or legitimate argument) that any of the Court's rulings were made based upon anything other than the merits of the applicable facts and law and what the Court observed in the course of the proceedings. The Court imposed sanctions on Plaintiff and counsel based on an analysis of the conduct of this litigation and findings that the proceedings were initiated and pursued in bad faith. The remaining proceeding in this matter is the

---

[2] Plaintiff argues that the true grounds for recusal only became known to him in the post-verdict/judgment hearings. This does not render his motion timely, especially considering Plaintiff's focus in his motion on alleged "pervasive" bias infecting the June 2024 trial. [*See* Doc. No. 203 at 8.] "[P]arties that suspect possible bias or prejudice toward them must not withhold filing recusal motions until their dispute has been resolved on the merits." *United States v. Bigley*, No. CV-14-00729-PHX-HRH, 2017 WL 3432370, at *3 (D. Ariz. Aug. 10, 2017) (citing *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)).

determination of reasonable and necessary attorney fees to be awarded to Kaotica and any apportionment of that award between Plaintiff and counsel.

The Court will not recuse or refer this matter because, in response to the Court having found Plaintiff's (and counsel's) conduct sanctionable, Plaintiff now contends that finding is based on a personal bias or prejudice against him. The motion is denied.

It is **SO ORDERED**.

Dated: July 28, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge