

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICONIC MARS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>KAOTICA CORP.,<br><br>Defendant. | Case No.: 22-CV-0092-CAB-DEB<br><br>**ORDER ON MOTION<br>TO SET ASIDE JUDGMENT<br>PURSUANT TO RULE 60(b)**<br><br>**[Doc. No. 239]** |

This matter comes before the Court on Oluseyi James Olaleye's motion under Rule 60(b) to set aside the order and judgment adding him as a judgment debtor in this matter. [Doc. No. 239.][1]

**I.    Background**

On February 5, 2025, the Court entered judgment for Kaotica Corporation against Iconic Mars Corporation for compensatory damages and for attorney fees and expenses. [Doc. Nos. 145, 146.]  On March 5, 2025, Kaotica moved to amend the judgment to add as a judgment debtor Oluseyi James Olaleye, the sole owner and operator of Iconic, pursuant

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

to Fed. R. Civ. P. 69(a), Cal. Civ. Pro. Code § 187 and under the Lanham Act as the individual responsible for the entity's acts of willful infringement. [Doc. No. 152.]

Iconic opposed the motion on behalf of Mr. Olaleye. [Doc. No. 171.] Kaotica submitted a reply. [Doc. No. 178.] The Court held argument on the motion on May 16, 2025, and counsel of record for Iconic Stephen Lobbin appeared. Mr. Olaleye was present for the hearing. In opposing the motion, Iconic's counsel did not expressly enter an appearance as counsel for Mr. Olaleye but argued on behalf of his interests, representing he had discussed the matter with Mr. Olaleye.[2] [Doc. Nos. 180, 187 at 8.] After considering the submissions of counsel and the arguments, on May 29, 2025, the Court granted Kaotica's motion to amend the judgment and add Mr. Olaleye as a judgment debtor. [Doc. No. 192.]

On the same day the Court entered the order amending the judgment, attorney Lenden Webb entered an appearance on behalf of Mr. Olaleye. [Doc. No. 191.] Mr. Webb did not file a motion for reconsideration of the Court's ruling. No docket entries reflect any filings by Mr. Webb on Mr. Olaleye's behalf. Within days, on June 6, 2025, Mr. Olaleye relieved Mr. Webb of his representation as counsel of record and substituted himself in *pro per*. [Doc. No. 205.]

On August 21, 2025, Mr. Olaleye filed a motion in *pro per* for relief from the order adding him as a judgment debtor. [Doc. No. 239.] Mr. Olaleye requests the Court set aside the judgment entered against him pursuant to Fed. R. Civ. P. 60(b)(1), (2), and (6), based on excusable neglect and attorney neglect, newly discovered and previously unavailable evidence, and for equitable reasons that justify relief. Kaotica opposed the motion. [Doc.

---

[2] The attorney-client relationship between Mr. Lobbin and Iconic and Mr. Olaleye in this litigation appears to have been an informal understanding. Mr. Olaleye submitted an engagement letter [Doc. No. 239 at 15-17], from a prior litigation, Case No. 21cv 433-CAB, in which Mr. Lobbin expressly contracted to represent Iconic Mars Corporation. Mr. Lobbin did however file pleadings as counsel of record for Mr. Olaleye as a named defendant in that case. [Case No. 21cv433, Doc. No. 14.] No engagement letter was provided covering this subsequent litigation Case No. 22cv92-CAB, identifying the client, the scope, or the fee arrangement between Mr. Lobbin, Iconic and Mr. Olaleye.

22-CV-0092-CAB-DEB

No. 243.]  Mr. Olaleye submitted a reply.  [Doc. No. 244.]  The Court finds the motion suitable for determination on the papers without oral argument. Civ. L.R. 7.1(d)(1).

## II.    Legal Standard

Relevant to the motion, Rule 60 provides that the court may relieve a party from a final judgment or order for the following reasons: (1) excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).  The party making the motion bears the burden of proof.  *Rufo v. Inmates of Suffolk Cnty, Jail*, 502 U.S. 367, 383 (1992).

"Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret." *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1099 (9th Cir. 2006). "For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel . . . includ[ing] not only an innocent, albeit careless or negligent attorney mistake, but also intentional attorney misconduct." *Id.* at 1101.

Under Rule 60(b)(2), relief "on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (internal quotation marks omitted).

Rule 60(b)(6) provides relief from the operation of a judgment when a movant demonstrates extraordinary circumstances justifying the requested relief. *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013).  The rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevent a party from timely action to prevent or correct an erroneous judgment. "[A] party who moves for such relief 'must demonstrate both injury and circumstances beyond his

control that prevented him from proceeding with the action in a proper fashion.'" *Latshaw*, 452 F.3d at 1103.

### III.    Discussion

Under Rule 60(b)(1), Mr. Olaleye seeks relief from the Court's order adding him as a judgment debtor on the basis that he was not informed by Mr. Lobbin, the counsel of record for his company Iconic, regarding his potential individual exposure to liability in this litigation. [Doc. No. 239 at 2-3.]  Whatever transpired between Mr. Lobbin and Mr. Olaleye regarding representation of Mr. Olaleye in response to the motion to add him as a judgment debtor, the record reflects that Iconic filed an opposition to the motion and Mr. Lobbin argued for Mr. Olaleye's interests at the hearing.  Mr. Olaleye was present and did not object.  [Doc. Nos. 171, 187.]

Whether or not Mr. Olaleye should have been advised to retain separate counsel to protect his interests in response to Kaotica's motion, Rule 60(b)(1) is not intended to remedy a party taking erroneous legal advice.  *See Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (neither ignorance nor carelessness on the part of the litigant provide grounds for relief under Rule 60(b)(1)).

Mr. Olaleye argues he was not informed he needed to file an individual opposition and relied mistakenly on the guidance of Mr. Lobbin, resulting in him being held personally liable without notice. [Doc. No. 239 at 3.]  Mr. Olaleye however had notice of the motion and the hearing.  An opposition was filed and argued on his behalf.  He was present for the hearing. [Doc. Nos. 171, 187.] Notwithstanding the lack of formal engagement, Mr. Olaleye permitted Mr. Lobbin, counsel for his company Iconic, to represent him regarding the motion to substitute.  That the arguments presented on his behalf were not persuasive to the Court does not constitute excusable negligent or attorney negligent affording relief under Rule 60(b)(1).

Similarly, relief under Rule 60(b)(6) is not available.  Mr. Olaleye has not demonstrated extraordinary circumstances justifying the Court set aside the order.  Mr. Olaleye acknowledges he relied on the advice of the counsel he engaged to represent his

4

company.  He was not abandoned by counsel.  Mr. Lobbin filed an opposition to the motion and argued on his behalf.  [Doc. Nos. 171, 187.]  That the arguments were unavailing does not amount to Mr. Olaleye receiving "practically no representation at all" or otherwise demonstrate extreme negligence by counsel that justifies the application of Rule 60(b)(6).  *See Latshaw*, 452 F.3d at 1103 (Rule 60(b)(6) available when counsel's gross negligence amounted to virtually abandoning his client resulting in a default judgment, circumstances not present in *Latshaw*).

Finally, Mr. Olaleye seeks relief under Rule 60(b)(2), contending that newly discovered evidence not presented to the Court at the relevant time justifies setting aside the order.  "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case'." *Feature Realty Inc.*, 331 F.2d at 1093.

The documents proffered by Mr. Olaleye fail to meet the standard of Rule 60(b)(2).  Evidence submitted by Mr. Olaleye consists primarily of accounting and business records available to him prior to the Court's order issued May 29, 2025.  He argues that they were not presented due to the negligence of counsel therefore making them "new evidence."  [Doc. No. 244 at 3.]  This evidence itself however is not newly discovered.  The evidence of Mr. Olaleye's business operations was within his knowledge and available to him.  Mr. Olaleye's argument is that counsel did not adequately present or argue the evidence therefore it was unavailable to him to oppose the substitution motion.  This is not newly discovered evidence under Rule 60(b)(2).

Other records cited by Mr. Olaleye that were generated after the date of the order may not be the basis of relief under Rule 60(b)(2).  *See Tribe v. U.S. Bureau of Reclamation,* 319 F.Supp.3d 1168, 1176 (N.D. Cal. 2018) (reports and information

22-CV-0092-CAB-DEB

developed, not discovered after the date of the order may not be the basis of relief pursuant to Rule 60(b)(2)).

### IV.   Conclusion

For the reasons set forth above the Court finds that Mr. Olaleye has not met his burden under Rule 60(b)(1), (2), or (6) to justify the Court setting aside the order adding him as a judgment debtor.  His motion is **DENIED**.

It is **SO ORDERED**.

Dated:  September 16, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge

22-CV-0092-CAB-DEB